Filed 11/4/20  Gal v. Bureau of Security etc. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ODED DANIEL GAL, | B296963 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS171943) |
| v. | |
| BUREAU OF SECURITY AND INVESTIGATIVE SERVICES, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  James C. Chalfant, Judge.  Affirmed.

Marks & Brooklier and Donald B. Marks, for Plaintiff and Appellant.

Xavier Becerra, Attorney General, Carl W. Sonne, Linda L. Sun and Joshua A. Room, Assistant Attorneys General, and Stephen D. Svetich, Deputy Attorney General, for Defendant and Respondent.

Petitioner and appellant Oded Daniel Gal (appellant) appeals from the judgment denying his petition for writ of administrative mandamus to set aside a decision by the Director of Consumer Affairs for the Bureau of Security and Investigative Services (Bureau) revoking appellant's private investigator license. Appellant contends the Bureau's basis for the license revocation -- his 2015 conviction for passport fraud -- was not substantially related to his duties as a private investigator and revocation was an excessive penalty. We affirm the judgment.

## BACKGROUND

The Bureau issued a private investigator license to appellant on March 21, 1986. The license was valid at all times relevant to this case and expired on March 31, 2018.

### 1998 discipline

In 1998, the Bureau revoked appellant's license but stayed the revocation pending a probationary period. The discipline was based on appellant's conviction of one felony count of conspiring to commit assault, two felony counts of assault with a deadly weapon, and one felony count of false imprisonment. Appellant was sentenced to four years in state prison for those offenses.

### 2015 conviction for passport fraud

In September 2014, appellant was charged in the United States District Court for the Southern District of New York with violating section 1542 of title 18 of the United States Code for making a false statement in a 2006 passport application. The criminal complaint alleged that appellant willfully and knowingly made false statements in a passport application with intent to secure the issuance of a United States passport. In the application, appellant provided a false name and date of birth and presented a fraudulent driver's license and birth certificate.

2

Appellant pleaded guilty to one count of violating title 18, section 1542 of the United States Code. He received a one-month sentence followed by six months of home confinement and three years of supervised release. Appellant's period of supervision was scheduled to terminate on November 15, 2018.

**2016 discipline**

Appellant's 2015 passport fraud conviction was the basis for the Accusation the Bureau filed against him on October 17, 2016. The Accusation charged appellant with violations of Business and Professions Code section 7561.1, subdivision (d)[1]; former section 480, subdivision (a)[2]; section 490, subdivision (a); and alleged that appellant had been convicted of a crime substantially related to the qualifications, functions, or duties of a private investigator. The Accusation further alleged that appellant committed acts of dishonesty, fraud, or deceit with the intent to substantially benefit himself or another.

At the June 27, 2017 hearing on the Accusation, appellant testified that he submitted false information in the passport application because he believed his 1996 felony conviction would bar him from traveling abroad and he wanted to visit elderly relatives in Europe and Israel. Appellant admitted that a private investigator must be honest and act with honesty. Appellant testified that as a private investigator, he investigated the honesty, integrity, credibility, and trustworthiness of others. He had access to consumers' confidential information, including

---

[1] All further statutory references are to the Business and Professions Code, unless stated otherwise.

[2] We reference the version of section 480 in effect at the time of appellant's license revocation hearing.

home addresses and social security numbers. Appellant admitted that he pleaded guilty and was convicted of violating title 18, section 1542 of the United States Code for making false statements in an application for a passport. At the conclusion of the hearing, the Bureau revoked appellant's private investigator license.

Appellant filed a petition for writ of mandate seeking to set aside the Bureau's decision. After hearing argument by counsel, the trial court denied the petition. This appeal followed.

## DISCUSSION

### I. Standard of review

Code of Civil Procedure section 1094.5 "structures the procedure for judicial review of adjudicatory decisions rendered by administrative agencies. (*Topanga Assn. for a Scenic Community v. County of Los Angeles* (1974) 11 Cal.3d 506, 514.) In a proceeding inquiring into the validity of a final administrative order, the trial court's review is limited to determining whether the agency proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was a prejudicial abuse of discretion. A prejudicial abuse of discretion is established if the agency did not proceed in the manner required by the law, the order or decision is not supported by the findings, or the findings are not supported by the evidence. (Code Civ. Proc., § 1094.5, subd. (b).)

We review the trial court's findings and decision for substantial evidence. (*Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 824.) Under that standard, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, that will support the judgment, resolving all conflicts in the evidence in

4

favor of the judgment. (*Moran v. Board of Medical Examiners* (1948) 32 Cal.2d 301, 308-309.)

"The propriety of a sanction imposed by an administrative agency is a matter resting in the sound discretion of that agency, and that decision will not be overturned absent an abuse of discretion. [Citations.]" (*Hughes v. Board of Architectural Examiners* (1998) 68 Cal.App.4th 685, 692 (*Hughes*).) We review the agency's determination, not that of the superior court, under that same abuse of discretion standard. (*Schmitt v. City of Rialto* (1985) 164 Cal.App.3d 494, 501.) In reviewing the exercise of the agency's discretion, we bear in mind that an agency is "''''vested with a high discretion and its abuse must appear very clearly before the courts will interfere.''''" [Citation.] 'The policy consideration underlying such allocation of authority is the expertise of the administrative agency in determining penalty questions.' [Citation.]" (*Cassidy v. California Board of Accountancy* (2013) 220 Cal.App.4th 620, 633.)

## II. Applicable law

Section 490 authorizes a board to discipline a licensee, including revoking a license, for conviction of a crime "if the crime is substantially related to the qualifications, functions, or duties of the business or profession for which the license was issued." (§ 490, subds. (a), (b).) A crime "shall be considered to be substantially related to the qualifications, functions, or duties of a licensee if to a substantial degree it evidences present or potential unfitness to perform the functions authorized by the license in the manner consistent with the public health, safety, and welfare." (Cal. Code Regs., tit. 16, § 602.) Crimes deemed to meet this standard include those "involving dishonesty, fraud, or deceit with the intent to substantially benefit himself or herself

5

or another, or substantially injure another." (Former § 480, subd. (a)(2); § 7561.1, subd. (d).) The Bureau's disciplinary guidelines, incorporated by reference in its regulations (Cal. Code Regs., tit. 16, § 611), also state that dishonesty and fraud are substantially related to the qualifications, functions, and duties of a private investigator.

Dishonesty includes "the disposition to deceive, betray and mislead" or acting with "a lack of complete integrity." (*Wayne v. Bureau of Private Investigators & Adjusters, Dep't of Professional & Vocational Standards* (1962) 201 Cal.App.2d 427, 437.) "Fraud embraces multifarious means whereby one person gains an advantage over another and means in effect bad faith, dishonesty or overreaching." (*Ibid.*)

## III. Appellant's conviction is substantially related to his qualifications, functions, or duties as a private investigator

We are unpersuaded by appellant's argument that his conviction for passport fraud is not substantially related to his qualifications, functions, or duties as a private investigator. Crimes "involving dishonesty, fraud, or deceit with the intent to substantially benefit himself or herself or another" are statutorily deemed to be "substantially related to the qualifications, functions, or duties" of a private investigator. (Former § 480, subd. (a)(2); § 7561.1, subd. (d); Cal. Code Regs., tit. 16, §§ 602, 610.)

The record shows that private investigators such as appellant contract with public agencies to investigate crimes and perform background checks. They have access to confidential consumer information, including home addresses and social security numbers. Private investigators testify in court and sign

6

reports under penalty of perjury. These functions and duties require honesty and integrity so that the public, public agencies, and courts can rely on the truthfulness of the testimony and reports. (Cal. Code Regs., tit. 16, § 602.)

That appellant's admittedly fraudulent and dishonest acts did no harm to any of his clients did not preclude the Bureau from disciplining him. The law does not require the existence of a victim before an agency may order a license revoked as part of its effort to protect the people of California from unscrupulous conduct. (*Hughes, supra,* 68 Cal.App.4th at p. 693.)

## IV. Revocation was not an excessive penalty

The record discloses no abuse of discretion by the Bureau in the discipline it imposed. The Bureau's disciplinary guidelines provide that license revocation is an appropriate penalty for an offense involving dishonest or fraudulent conduct. Appellant admitted to multiple acts of dishonesty in furtherance of the crime for which he was convicted. He admitted making false statements in an application for a Nevada driver's license and in the State of New York in an application for a certified copy of a birth certificate. Appellant had a prior disciplinary record. He expressed no remorse for his actions. The delay between the appellant's commission of the crime and his conviction and revocation of his license does not mitigate the seriousness of his offense or his multiple acts of dishonesty.

## DISPOSITION

The judgment is affirmed.  The Bureau shall recover its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST